Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER DEAN PANKRATZ,<br><br>Defendant. | NO. 3:05-cr-00116-JWS<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Alexander Dean Pankratz submits this memorandum to assist the court at the May 26, 2006, sentencing in this matter.

**I.      INTRODUCTION.**

Alexander Pankratz is 59 years old. He married Marilyn Pankratz in 1970. They had two children together. Chris Pankratz is now 35 years old and Tony Pankratz is 34. Alex and Marilyn Pankratz were divorced in 1977.

Thirty years after their divorce, Mr. Pankratz remains indebted for his child support obligations. The child support arrearage with regard to Tony Pankratz, the child

alleged in Count 4 of this Indictment, is approximately $15,000. (Presentence Report, ¶ 29 at pg. 5.)

When Alex Pankratz moved to Alaska in 1981, his child support obligation followed him. In 1985, Mr. Pankratz was ordered to pay $480 per month. Although he was only earning $5.50 per hour, the State of Alaska garnished approximately half of his earnings. Mr. Pankratz was unable to negotiate a lesser amount.

In 1987, Alex Pankratz made the ill-advised decision to change his identity. His only motive was to escape what he saw as unfair and unreasonable garnishment of his wages. Now he realizes that there were other alternatives, and that his decision was a poor reaction to a frustrating situation.

The real loss in this case is the amount of child support arrearage that is the basis of Count 4 of the Indictment. Mr. Pankratz argues that the sentencing guideline range should be 10 to 16 months in Zone C of the sentencing guidelines table.

Mr. Pankratz has already served four months in custody. He is willing to pay his child support obligation, and has a job awaiting him. He is anxious to rectify the mistake he made almost twenty years ago. Mr. Pankratz will be requesting a sentence of ten months, with five months imprisonment and five months of community custody.

## II.     TITLE 18 U. S. C. § 3553(a) SENTENCING FACTORS.

1. <u>The Nature and Circumstances of This Offense, and the History and Characteristics of Mr. Pankratz</u>.

Although there are four counts in this Indictment, the gravamen of this offense is Mr. Pankratz changing his identity in order to avoid enforcement of his delinquent child

support obligation.  His ability to meet that obligation after the 1977 divorce was never addressed.  Mr. Pankratz was not sophisticated enough to negotiate some better way to address this obligation.

It is important that Mr. Pankratz did not use his change of identity to defraud anyone.  Even when Mr. Pankratz received his permanent fund dividends from the State of Alaska, he was always qualified as an Alaskan resident to receive a dividend, and never applied for two dividends in the same year.

The victims of Mr. Pankratz's crime include his two sons.  Chris Pankratz's letter to the court, attached as Exhibit A, illustrates that Alex Pankratz has been able to make amends to his son, and to salvage their father-son relationship.

As to his personal characteristics, Alex Pankratz has obviously struggled with alcohol.  His criminal history is based entirely on charges of driving while intoxicated.  He has no other record of criminal conduct.  Chris Pankratz's letter describes Alex Pankratz's character as a father and a grandfather.  A letter from a long-time acquaintance of Alex Pankratz, Virginia Austria (attached as Exhibit B), also speaks to Mr. Pankratz's character.

2. <u>The Need to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment, to Deter Mr. Pankratz and to Protect Others</u>.

In almost sixty years of life, this is Alex Pankratz's only criminal conviction other than DUIs.  This offense is clearly situational, and highly unlikely to reoccur.  As Chris Pankratz wrote to the court: "Knowing him for the last several years, I can honestly say I believe he does feel a deep regret for his past.  I also believe he has dug himself in such a hole it would be hard to get out and that has caused some grief in his life."

A sentence of ten months would be sufficient to comply with the purposes set forth in 18 U. S. C. § 3553(a)(2).

3.  <u>The Kinds of Sentences Available</u>.

Mr. Pankratz submits that even under mandatory sentencing guidelines, as calculated by the defense, a "split" sentence of ten months would be available. Under advisory guidelines after *United States v. Booker*, 543 U. S. 220 (2005), this court clearly has the authority to impose a "split" sentence that would include community custody regardless of the sentencing guideline calculation.

4.  <u>The Sentencing Guideline Range</u>.

Mr. Pankratz submits that the proper total offense level under the advisory guidelines should be the amount of pecuniary harm that resulted from the offense of conviction. The loss resulting from Count 4 of the Indictment is approximately $15,000.

There is clearly no loss resulting from Count 1 or Count 3. The presentence report includes approximately $15,000 in loss for permanent fund dividends that Mr. Pankratz received under the name of Michael Colahan. But this should not be counted as "loss." Mr. Pankratz was a resident of Alaska and was eligible for a dividend. He never applied for dividends under both Pankratz and Colahan in the same calendar year.

The total loss should be $15,000. There should be a four-level enhancement under U.S.S.G. § 2B1.1(b)(1)(C).

As to the criminal history calculation, Mr. Pankratz submits that a Category III over-represents his criminal history. Mr. Pankratz's history of DUI convictions over-

represents the likelihood that he will commit another federal crime of the nature of this offense.

    5.    <u>Sentencing Commission Policy Statements</u>.

There are no policy statements that would support imposition of a sentence of imprisonment with the Bureau of Prisons for more than year, rather than a sentence that includes a shorter term of community custody at a halfway house.

    6.    <u>Unwarranted Sentence Disparities</u>.

A split sentence of ten months would not create a sentence disparity among defendants with similar records who have been found guilty of similar conduct.

    7.    <u>The Need to Provide Restitution</u>.

Mr. Pankratz is willing to pay restitution for his child support debts. Although he has a limited education, he has been able to work as a painter and laborer.

Mr. Pankratz's most recent employment was with William Betts, doing business as Alpine Painting, Drywall and Coatings. (*See*, Letter from Mr. Betts, attached as Exhibit C.) Mr. Betts is anxious to employ Mr. Pankratz this summer.

If Mr. Pankratz is in the custody of the Bureau of Prisons, he will not be employed and making restitution payments.

## III. CONCLUSION

Alex Pankratz made a huge mistake when he decided twenty years ago to assume the identity of a deceased acquaintance in order to try to avoid his child support debt. He has paid for that decision prior to his arrest, and certainly while he has been

incarcerated. He is relieved to finally escape that decision, and to resume his life under his own identity.

A sentence of five months imprisonment with five months at the Cordova Center would adequately address the sentencing factors of 18 U. S. C. § 3553(a) and would allow Mr. Pankratz to work and to begin paying for his mistake.

DATED at Anchorage, Alaska this 19th day of May 2006.

Respectfully submitted,

s/Rich Curtner
Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:      907-646-3400
Fax:        907-646-3480
E-Mail:     rich_curtner@fd.org

Certification:
I certify that on May 19, 2006,
a copy of **Defendant's Sentencing Memorandum** was served electronically on:

Audrey Renschen
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

and a copy was hand delivered to:

Scott Kelley
Probation Officer
U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562

s/Rich Curtner