DEBORAH M. SMITH
Acting United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: audrey.renschen@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:05-cr-0116-JWS |
| | ) |
| Plaintiff, | ) |
| | ) GOVERNMENT'S SENTENCING |
| vs. | ) MEMORANDUM AND MOTION |
| | ) FOR ACCEPTANCE OF |
| ALEXANDER DEAN PANKRATZ, | ) RESPONSIBILITY POINTS |
| | ) |
| Defendant. | ) |
| | ) |

The United States by Assistant United States Attorney Audrey J. Renschen, hereby submits this memorandum for the Imposition of Sentence hearing presently scheduled for Friday, May 26, 2006, at 8:30 a.m.

The Defendant pled guilty on March 3, 2006, to *all four counts* of an Indictment charging him with *False Statement in Application for Passport*, in violation of 18 U.S.C. §1542; *Identity Theft*, in violation of 18 U.S.C. §1028(a)(7) and (b)(1)(D); *Social Security Fraud*, in violation of 42 U.S.C. §408(a)(7)(B); and

*Failure to Pay Child Support Obligations*, in violation of 18 U.S.C. §228(a)(3).

There are no plea or sentencing agreements between the parties.

The United States agrees with the findings set forth in the Presentence Report, except as to child support restitution, which is addressed below. The Defendant merits an offense level of 12, a criminal history level III, and a sentencing range of 15-21 months.

The United States is moving for acceptance of responsibility points under U.S.S.G. § 3E1.1(b), and recommends that Mr. Pankratz receive the full 3 point reduction for acceptance of responsibility.

**Matters in Dispute**

The defendant has raised two legal issues for sentencing.

First, Pankratz disputes the Presentence Report method of calculating "loss" for determining his sentencing offense level. Pankratz alleges that the State of Alaska suffered no loss from Pankratz's $15,867.94 collection of Permanent Fund Dividend checks issued to Michael Colahan. Pankratz further alleges that his full child support obligation of $30,259.10, should not be considered in the "loss" amount calculation.

Second, Pankratz disputes the amount of restitution that he should be ordered to pay relative to the "loss" amounts that he disputes. Additionally, as noted above, the government believes the Presentence Report should be amended at ¶ 107, to

reflect that Pankratz owes restitution to Marilyn K. Marino for a total of $30,259.10 in child support obligations.[1]

As demonstrated below, both the Sentencing Guidelines and federal law undermine Pankratz's arguments. Pankratz's identity theft scheme to defraud his wife, his children and the State of Alaska, merit full consideration of all the losses, and require him to make full restitution for those losses.

**Using Another Person's Identity to Apply for and Collect $15,867.94 in Permanent Fund Dividends Should Affect Pankratz's Offense Level**

The sentencing guidelines broadly define "loss" to include many harms. Under Application Note 3(F)(2) of §2B1.1 of the United States Sentencing Guidelines, there is a "Special Rule" regarding the loss determination involving "Government Benefits":

> In a case involving government benefits (*e.g.* grants, loans, entitlement program payments), loss shall be considered to be not less than the value of the benefits obtained by unintended recipients or diverted to unintended uses, as the case may be.

Here, Pankratz benefitted from Permanent Fund Dividends distributed by the State of Alaska to Michael Colahan. As noted by the Presentence Report writer, the State of Alaska is very specific about intended recipients and intended uses, and

---

[1] At the time the Presentence Report objections were due, undersigned counsel was not completely familiar with the applicable restitution law, and failed to contest the incorrect figure of $15,129.55, listed in ¶ 107.

does not allow receipt of such payments to anyone making a false claim of eligibility [here for misrepresenting the material fact of identity], nor does the State of Alaska allow subsequent dividends to those who falsely claim eligibility. Presentence Report Addendum Paragraph 41. For that reason, the amount should be considered a loss for determining the offense level adjustment.

**Pankratz's Almost 20-Years of Scheming to Avoid Paying $30,259.10 in Child Support Should Also Affect His Offense Level**

Under Application Note 2 of § 2J1.1 of the United States Sentencing Guidelines, a willful failure to pay court-ordered child support under 18 U.S.C. § 228, requires consideration of all unpaid child support. "The amount of the loss is the amount of child support that the defendant willfully failed to pay."

In this case, Pankratz did nothing to try to minimize his child support payments. He simply did not pay them. He actively and willfully avoided meeting his payment obligations by taking on the identity of a dead man for almost twenty years. This pattern of criminality cannot be neatly divided in half because one of his children happened to live in the same state for a small portion of the time that Pankratz chose not to meet his obligations.

The Presentence Report writer correctly included both Pankratz's total unpaid child support obligation, $30,259.10, and his identity theft of Permanent Fund Dividends, $15,867.94, in determining an offense total of $46,127.04, and an

upward adjustment of six levels.

It also stands to reason that if federal law mandates total restitution, as shown below, then the full amounts should also be relied upon in determining offense level.

**Restitution**

The government is seeking a court order for the full amount of restitution mandated by federal law, $46,127.04. That amount includes $30,259.10 in unpaid child support, and $15,867.94 in unlawfully obtained Permanent Fund Dividends.

**Child Support Is a Unique Debt**

Pankratz's claim that he evaded his child support obligation because he could not afford it, rings hollow in the Ninth Circuit:

> [W]e note that the obligation in question is not an ordinary debt; it is an award imposed by a state court to ensure the sustenance and well-being of the obligor's children. In making such an award, the state courts take into account a variety of factors, including the non-custodial parent's other obligations and his ability to pay child support; if circumstances change, the obligor can return to court and seek to have the amount reduced. (Internal cite omitted.)
> Given this means-testing, which is an integral aspect of every child support award, a non-custodial parent should never be confronted with a situation where he is ordered to make child support payments he cannot afford. A non-custodial parent who does not have the funds to satisfy the child support award, and who does not obtain a reduction or remission of the award because of inability to pay, will almost certainly be engaged in willful defiance of the state court's child support order. Given that the CSRA was passed to assist the state courts in enforcing child support decrees, we are confident that Congress did not mean to

let absentee parents evade their parental obligations by refusing to accept gainful employment or take other lawful steps to obtain the necessary funds.

United States v. Ballek, 170 F.3d 871, 873 (9th Cir. 1999).

**Under Federal Law, the Full Amount of the Unpaid Child Support Obligation, $30,259.10, Must Be Ordered as Restitution**

Under 18 U.S.C. 228(d) child support restitution is mandatory, and its bounds are explicit: "the court ***shall order restitution*** under section 3663A in an amount ***equal to the total unpaid support obligation as it exists at the time of sentencing.***" (Emphasis supplied.) On May 26, 2006, the defendant will owe $30,259.10 in unpaid child support.[2] The fact that the obligation encompasses both of his children, and the indictment covers only one child, is a distinction without a difference. As noted above, child support obligations are a unique kind of debt.

The uniqueness was further recognized by the Ninth Circuit in United States v. Craig, 181 F. 3d 1124, 1127 (9th Cir. 1999):

> [T]he time period charged in the indictment merely provides the jurisdictional basis for a federal court to order restitution for the total amount of arrearage, including state-incurred debt. Not imposing restitution to include amounts that accrued outside the period of the indictment would appear to render the clause "as it exists at the time of sentencing" a nullity. (Internal citation omitted.) Accordingly, a

---

[2] On, or before the May 26, 2006 sentencing, the State of Alaska will provide a certified copy of documentation of this $30,259.10 unpaid child support obligation, or in the alternative, will present testimony from a State of Alaska representative of the Child Support Enforcement Department.

> restitution order that awards the entire past due support obligation does not run afoul of § 3663's requirement that restitution be limited to the amount of damages suffered by the victim as a result of the criminal conduct charged in the indictment.

The government believes this logic carries through to include support obligations relative to other children not named within the framework of the indictment.

**Other Crimes Involving Schemes, Conspiracies or Other Ongoing Patterns of Criminal Activity Cover a Broader Base in Requiring Restitution**

Even apart from the uniqueness of child support obligations, by analogy, the question of restitution is similar to issues that surface in other kinds of ongoing criminal conduct. For example, in crimes involving schemes, conspiracies or other patterns of criminal activity, Congress has made special rules to consider victims. Offenses which expressly include, as an element of the offense, "a scheme, conspiracy or pattern of criminal activity" permit broader restitution than those offenses which merely charge a substantive offense. Not every item of loss must necessarily be specified in the indictment:

> Federal courts may order restitution encompassing losses resulting from a criminal scheme regardless of whether the defendant is convicted for each criminal act within the scheme, so long as the loss is a direct result of the defendant's criminal conduct or is closely related to the scheme.

United States v. Martin, 195 F.3d 961, 969 (7th Cir. 1999).

**By Ordering the Full Child Support Restitution of $30,259.10, the Court Will Create Additional Methods of Enforcement to Motivate Pankratz to Meet His Obligations**

The defendant has almost a twenty year track record of dodging his child support obligations. He obviously needs more encouragement than the average person to do so. This court is uniquely situated to encourage him. Under 18 U.S.C. § 3613A, upon a finding of default on ordered restitution, the court may respond with a variety of tools:

- pursuant to section 3565, revoke probation or a term of supervised release,

- modify the terms or conditions of probation or a term of supervised release,

- resentence a defendant pursuant to section 3614,

- hold the defendant in contempt of court,

- enter a restraining order or injunction,

- order the sale of property of the defendant,

- accept a performance bond,

- enter or adjust a payment schedule, or

- take any other action necessary to obtain compliance with the order of a fine or restitution.

**Restitution to the State of Alaska for $15, 867.94 is also mandatory**

Under the Mandatory Victim Restitution Act of 1996 (MVRA), restitution is available for almost any federal offense which causes an identifiable victim a recoverable loss. 18 U.S.C. 3663A. Here the State of Alaska has been identified as a victim of identity theft, and lost $15,867.94 in Permanent Fund Dividend payments to Pankratz, to which he was not entitled.

Pankratz is opposed to such restitution, and has alternately stated that he should not owe the State of Alaska restitution because he was entitled to those payments, and that he is willing to pay restitution for child support. However, Pankratz has offered no legal authority in support of his claims. As noted above, under 18 U.S.C. 3663A, restitution is mandatory, and should be ordered by this court.

 Recommendation

The United States is **recommending a sentence of 21 months**, **a supervised release period of 3 years**, and **restitution of $46,127.04.**                .

This recommendation is based on Pankratz's persistent unwillingness over almost twenty years, to avoid his responsibility to be a law-abiding citizen, and the extreme deception to which he stooped – holding himself out as an acquaintance who committed suicide thirty years ago.

Under the Sentencing Guidelines, the range of incarceration seems minimal compared to the extensive scheming, and the ongoing crime spree he engaged in.

Under 18 U.S.C. 3553(a), the court must also consider the seriousness and length of Pankratz's deceit, and his blatant lack of respect for the judicial system that ordered him to take financial responsibility for his children. In considering what "just punishment" is appropriate, this court must also consider what sentence will encourage Pankratz's personal future deterrence, and what sentence will send a deterrence message to other "dead-beat Dads" in the community. No doubt many other non-custodial parents will be waiting to see just how seriously this court responds to Pancratz's repeated failures to pay.

Consideration of all of these 18 U.S.C. 3553(a) factors weighs heavily in favor of a top-of-the-range sentence, the longest period of supervised release

//


//


//

possible, and full restitution.

   RESPECTFULLY SUBMITTED THIS <u>20th</u> day of May, 2006 at Anchorage Alaska.

                DEBORAH M. SMITH
                Acting United States Attorney

                <u>s/ Audrey J. Renschen</u>
                Assistant U.S. Attorney
                Federal Building & U.S. Courthouse
                222 West Seventh Avenue, Rm 253, #9
                Anchorage, Alaska  99513-7567
                Phone: (907) 271-5071
                Fax: (907) 271-1500
                Email: audrey.renschen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20th, 2006
a copy of the foregoing was served
electronically on Rich Curtner

<u>s/ Audrey Renschen</u>